1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                       FOR THE DISTRICT OF ARIZONA

10

11  Antonneo R. Boyce,                    )   No. CV 05-3015-PHX-ROS (ECV)
                                          )
12              Petitioner,               )   **REPORT AND RECOMMENDATION**
                                          )
13  vs.                                   )
                                          )
14                                        )
    Dora Schriro, et al.,                 )
15                                        )
                Respondents.              )
16                                        )
    _____)
17

18       TO THE HONORABLE ROSLYN O. SILVER, UNITED STATES DISTRICT

19  JUDGE:

20       Petitioner Antonneo R. Boyce has filed a *pro se* Petition for Writ of Habeas Corpus

21  pursuant to 28 U.S.C. § 2254 in which he challenges his probation revocation and the ten

22  year prison sentence imposed.  Doc. #1.

23                              **BACKGROUND**

24       Pursuant to a plea agreement entered on November 20, 1990, Petitioner pled guilty

25  in Maricopa County Superior Court to one count of sexual abuse and one count of attempted

26  child molestation, both class three felonies and dangerous crimes against children under

27  Arizona law.  Doc. #29, Exh. C.  On February 15, 1991, the court sentenced Petitioner to ten

28  years in prison for the sexual abuse offense and a consecutive term of lifetime probation for

the attempted child molestation offense.  Doc. #29, Exh. D.  After Petitioner completed his initial prison sentence and while on probation supervision, the State filed a Petition to Revoke Probation.  Doc. #29, Exh. E.  After a probation violation hearing and a disposition hearing, the court on December 19, 2000, revoked the sentence of probation and imposed a sentence of imprisonment for ten years.  Doc. #29, Exh. I.

Through counsel, Petitioner appealed the court's decision.  Doc. #29, Exh. M.  In a Memorandum Decision filed on January 24, 2002, the Arizona Court of Appeals affirmed the trial court's order.  Doc. #29, Exh. N.  Petitioner filed a *pro se* Petition for Review which was denied by the Arizona Supreme Court on July 19, 2002.  Doc. #29, Exh. O, P.

On August 20, 2002, Petitioner filed a *pro se* Petition for Post-Conviction relief under Rule 32 of the Arizona Rules of Criminal Procedure which the trial court denied on February 19, 2003.  Doc. #29, Exh. Q, R.  Petitioner filed a motion for rehearing which was denied on April 4, 2003.  Doc. #29, Exh. S, T.  Petitioner then filed a Petition for Review which was denied by the Arizona Court of Appeals on June 4, 2004.  Doc. #29, Exh. U, V.  Petitioner's subsequent Petition for Review to the Arizona Supreme Court was denied on February 14, 2005.  Doc. #29, Exh. W, X.

On November 22, 2004, Petitioner filed a "Petition for Peremptory Writ of Habeas Corpus Ad Subjiciendum," which the trial court construed as a second petition for post-conviction relief and dismissed summarily on January 14, 2005.  Doc. #29, Exh. Y, Z. Petitioner filed a Petition for Review in the Arizona Court of Appeals which was denied on December 29, 2005.  Doc. #29, Exh. AA, BB.  Petitioner then filed a Petition for Review in the Arizona Supreme Court which was denied on June 22, 2006.[1]  Doc. #29, Exh. CC.

Petitioner filed his Petition for Writ of Habeas Corpus in this court on September 30, 2005.  Doc. #1.  Along with the petition, Petitioner filed a Memorandum in Support of Petition and four volumes of Exhibits in Support of Petition.  Doc. ##3, 4, and 7-9.  Petitioner

---

[1] This court learned of the date review was denied by contacting the Arizona Supreme Court.

alleges thirteen grounds for relief: (1) the State failed to file a timely criminal complaint following his warrantless arrest on February 8, 1990, thereby rendering invalid his subsequent probation revocation and violating his right to due process and equal protection; (2) the State filed the petition to revoke probation in the civil division of the Maricopa County Superior Court rather than in the sentencing court, thereby depriving the court of subject matter jurisdiction, in violation of his right to due process and equal protection; (3) a court commissioner presided over his probation revocation hearing without the consent of Petitioner or his lawyer, in violation of his right to due process and equal protection; (4) the prosecutor in charge of Petitioner's probation revocation was not certified as a "specialty officer," rendering the prosecution void and in violation of his right to due process and equal protection; (5) the State court's determination that Petitioner violated the term of probation requiring participation in counseling sessions violated the First, Fifth and Fourteenth Amendment, and the court's conclusion that he violated the employment term was based on an unreasonable determination of the facts; (6) the State court failed to make specific findings of fact to support the probation violation decision, in violation of Petitioner's right to due process and equal protection; (7) Petitioner's guilty plea in 1991 was premised on an improper psychosexual examination that he was not permitted to challenge in his probation revocation proceeding, thus violating his right to due process and equal protection; (8) Petitioner's attorney provided ineffective assistance of counsel at the disposition hearing when he failed to challenge on the record the contents of a supplemental probation report submitted to the court; (9) the State court refused to consider objections to a supplemental probation report that were raised in chambers before the disposition hearing, in violation of Petitioner's right to due process and equal protection; (10) Petitioner's attorney on direct appeal of the probation revocation provided ineffective assistance of counsel when he refused to present claims requested by Petitioner; (11) the State failed to disclose to Petitioner a copy of his criminal history addendum during the probation revocation proceedings in violation of his right to due process, equal protection and the Sixth Amendment right to confrontation; (12) the State failed to disclose during post-revocation collateral review CPS records and

documents regarding a medical examination of the victim in 1990, in violation of Petitioner's right to due process and equal protection; and (13) the State court refused to enforce an order from another judge that required disclosure of the CPS and medical examination records, in violation of Petitioner's right to due process and equal protection.

## DISCUSSION

Respondents contend in their answer that Petitioner's first four grounds for relief are questions of state law and not cognizable on federal habeas review. Respondents further argue that Petitioner has procedurally defaulted on grounds 5, 7, 9 and 11-13 of his petition. Respondents address grounds 6, 8 and 10 on the merits and argue that Petitioner has not met the standard for habeas relief. Petitioner contends in his reply that all of his claims are properly before the court and he is entitled to relief on the merits.

**A.    Cognizable Claims**

To be eligible for federal habeas corpus relief, a state prisoner must establish that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal habeas corpus relief is not available for errors of state law. Lewis v. Jeffers, 497 U.S. 764, 780 (1990). Federal courts are without jurisdiction to review State court applications of state procedural rules. Poland v. Stewart, 169 F.3d 573, 584 (9th Cir. 1998). A petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). "[T]he Supreme Court has long settled that the Fourteenth Amendment does not assure immunity from judicial error or uniformity of judicial decisions." Little v. Crawford, 449 F.3d 1075, 1082 (9th Cir. 2006).

### 1.    Ground One

Petitioner's claim in ground one alleges an error of state law. He contends that following his arrest on February 8, 1990, and his initial appearance the following day, the State was required to file a criminal complaint against him on or before February 11, 1990, and failed to do so. As a result, Petitioner contends the Superior Court lacked jurisdiction over his prosecution and in turn over his probation revocation.

1    Rule 4.1(b) of the Arizona Rules of Criminal Procedure provides that "[i]f a complaint

2    is not filed within 48 hours from the time of the initial appearance before the magistrate, the

3    defendant shall be released from jail and the preliminary hearing date, if any, shall be

4    vacated."  Any challenge to whether the State complied with this provision is a question of

5    state law and is not cognizable on federal habeas review.  Petitioner cannot convert it to a

6    Fourteenth Amendment violation simply by asserting that the State's failure to comply with

7    the provision violates his right to due process and equal protection.

8    As a further basis for recommending denial of ground one, Petitioner raised the same

9    claim in a prior habeas petition in this court.  See CV 99-0595-PHX-ROS, Doc. #1.  He

10   argued that the State court was without jurisdiction to hear his case because the prosecution

11   failed to file a timely criminal complaint.  Id.  Relying on the same facts and legal theory,

12   Petitioner now simply extends the argument to the court's jurisdiction over his probation

13   revocation proceedings.  "A claim presented in a second or successive habeas corpus

14   application under section 2254 that was presented in a prior application shall be dismissed."

15   28 U.S.C. § 2244(b)(1).  For these reasons, the court will recommend that ground one be

16   denied.

17       **2.    Ground Two**

18   Petitioner's second claim, that the State filed the petition to revoke probation in the

19   civil division of the Superior Court rather than in the sentencing court, is also a question of

20   state law.  Petitioner concedes that the probation revocation proceedings were subsequently

21   transferred to the criminal division, yet he maintains that because of the alleged filing error

22   the court was without subject matter jurisdiction to decide the probation revocation matter.

23   Whether the Superior Court retained subject matter jurisdiction over Petitioner's probation

24   revocation proceedings is a question of state law and is not cognizable on federal habeas

25   review.  Despite Petitioner's attempt to convert the claim into a due process and equal

26   protection claim, it is not.  The court will therefore recommend that ground two be denied.

27       **3.    Ground Three**

28

- 5 -

1  Petitioner contends that a Superior Court Commissioner, like the one who presided
2  over his probation revocation proceeding, lacks the authority to do so, and therefore the
3  commissioner's decision that he violated probation should be vacated.  Whether a Superior
4  Court Commissioner has the authority to preside over probation revocation proceedings is
5  a question of state law, as is the determination of a remedy for a purported violation.[2]
6  Petitioner's attempt to turn this into a due process and equal protection claim is without merit.
7  The court will therefore recommend that ground three be denied.

**4.    Ground Four**

9  In his fourth claim, Petitioner contends that because the prosecutor in charge of his
10 probation revocation was not certified as a "specialty officer," the prosecution was invalid.
11 As Petitioner essentially concedes by his citations to state statutes, this claim turns on an
12 interpretation of state law and is not cognizable on federal habeas review.[3]  Petitioner cannot
13 convert it to a federal constitutional claim by claiming it violates due process and equal
14 protection.  The court will recommend that ground four be denied.

**5.    Ground Twelve**

16 Petitioner contends in ground twelve that while challenging his probation revocation
17 on State post-revocation review, he sought the disclosure of CPS records pertaining to the
18 victim  and documents regarding a medical examination of the victim in 1990.  Petitioner
19 contends that this was Brady material to which he was entitled.  He further claims that a
20 Maricopa County Superior Court Judge initially granted his request to compel the disclosure
21 of these materials but subsequently reversed his decision.  Petitioner claims that the State's

---

[2] A Superior Court Judge denied this claim during post-conviction relief proceedings after finding that the commissioner heard the probation revocation proceedings as a Judge Pro Tempore.  Appellate review of the decision was denied.  Doc. #29, Exh. R at 2.

[3] In post-conviction proceedings, the Superior Court found that "[t]he law does not require that the Maricopa County Attorney assigned to defendant's case possess 'specialty officer' certification."  Appellate review was denied.  Doc. #29, Exh. R at 2.

1   failure to disclose these materials and the court's failure to compel disclosure violated his

2   right to due process and equal protection.

3       Federal habeas relief is not available for alleged errors in State post-conviction

4   proceedings.  Carriger v. Stewart, 95 F.3d 755, 762-763 (9th Cir. 1996), vacated on other

5   grounds, 132 F.3d 463 (1997).  A petitioner's claim that his right to due process was violated

6   during state post-conviction proceedings may not considered on federal habeas review.  See

7   Villafuerte v. Stewart, 111 F.3d 616, 632 n.7 (9th Cir. 1997) (denial of due process during

8   state habeas proceedings not addressable in federal habeas petition); Franzen v. Brinkman,

9   877 F.2d 26 (9th Cir. 1989) (petitioner's alleged due process violation based on a delay in

10  deciding his state petition for post-conviction relief may not be considered on federal habeas

11  review).  Therefore, Petitioner is not entitled to habeas relief for the alleged disclosure

12  violations during the State post-conviction proceedings. The court will therefore recommend

13  that ground twelve be denied.

14          **6.    Ground Thirteen**

15      Petitioner's claim in ground thirteen is nearly the same as his claim in ground twelve.

16  Petitioner contends that during the State post-conviction proceedings after the judge reversed

17  his decision to compel the disclosure of the victim's CPS and medical examination records,

18  Petitioner filed a motion to enforce the original order.  A different Superior Court Judge

19  denied Petitioner's motion.  Petitioner contends that this action by the second judge violated

20  his right to due process and equal protection.  For the same reasons set forth above in ground

21  twelve, the court will recommend that ground thirteen be denied.

22

23

24  **B.    Merits Analysis of Remaining Claims**[4]

25  _____

26      [4] "An application for a writ of habeas corpus may be denied on the merits,
27  notwithstanding the failure of the applicant to exhaust the remedies available in the courts
    of the State."  28 U.S.C. § 2254(b)(2).  Although Respondents contend that some of
28  Petitioner's claims are procedurally defaulted because he failed to exhaust State court

1          **1.      AEDPA Standard of Review**

2          Under the AEDPA[5], a federal court "shall not" grant habeas relief with respect to "any

3    claim that was adjudicated on the merits in State court proceedings" unless the State court

4    decision was (1) contrary to, or an unreasonable application of, clearly established federal

5    law as determined by the United States Supreme Court; or (2) based on an unreasonable

6    determination of the facts in light of the evidence presented in the State court proceeding.

7    28 U.S.C. § 2254(d); see Williams v. Taylor, 529 U.S. 362, 412-413 (2000) (O'Connor, J.,

8    concurring and delivering the opinion of the Court as to the AEDPA standard of review).

9    "When applying these standards, the federal court should review the 'last reasoned decision'

10   by a State court ...." Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).

11         A State court's decision is "contrary to" clearly established precedent if (1) "the State

12   court applies a rule that contradicts the governing law set forth in [Supreme Court] cases,"

13   or (2) "if the State court confronts a set of facts that are materially indistinguishable from a

14   decision of [the Supreme Court] and nevertheless arrives at a result different from [its]

15   precedent."  Taylor, 529 U.S. at 405-06.   "A State court's decision can involve an

16   'unreasonable application' of Federal law if it either (1) correctly identifies the governing rule

17   but then applies it to a new set of facts in a way that is objectively unreasonable, or (2)

18   extends or fails to extend a clearly established legal principle to a new context in a way that

19   is objectively unreasonable." Hernandez v. Small, 282 F.3d 1132, 1142 (9th Cir. 2002).

20

21

22         **2.      Ground Five**

23         Petitioner contends in ground five that the evidence against him at the probation

24   violation hearing did not support the State court's finding that he violated the term of

25   probation requiring participation in counseling sessions and the term requiring him to obtain

26   _____

27   remedies, the court will decide the remaining claims on the merits.

28         [5] Antiterrorism and Effective Death Penalty Act of 1996.

1    employment.  Petitioner claims that the State court's rulings violated his rights under the

2    First, Fifth and Fourteenth Amendments.

3        The Arizona Court of Appeals on direct review addressed the question of whether the

4    evidence supported the trial court's determination that Petitioner violated his probation.  Doc.

5    #29, Exh. N.  With respect to the term requiring Petitioner to participate in counseling, the

6    Court acknowledged that Petitioner was in somewhat of a bind because the sentencing judge

7    back in 1991 had deleted a term requiring Petitioner to submit to any form of psychological

8    testing or assessment.  Doc. #29, Exh. N at 4.  The Court also considered Petitioner's

9    testimony that he did not participate in counseling because he would have been required to

10   admit he was a sex offender in spite of the fact that he was challenging his underlying guilty

11   plea.  Id.  The Court affirmed the trial court's decision that the term was violated, concluding

12   that Petitioner "sabotaged the process before it began," and that by refusing to admit he was

13   a sex offender, Petitioner virtually ensured he would not be accepted into a counseling

14   program.  Doc. #29, Exh. N at 5.  The Court of Appeals decision demonstrates that it

15   thoroughly reviewed the probation violation record and determined that the record supported

16   the trial court's decision regarding the counseling requirement.  Petitioner has not shown that

17   the decision was contrary to, or an unreasonable application of, clearly established federal

18   law as determined by the United States Supreme Court, or based on an unreasonable

19   determination of the facts.  Petitioner's claim that the proceedings violated his right to due

20   process and equal protection is without merit.

21       Likewise, Petitioner has not demonstrated that the State court violated his Fifth

22   Amendment privilege against self-incrimination.  Petitioner pled guilty to two dangerous

23   crimes against children in 1990.  Petitioner contends that when his probation started ten years

24   later he was still challenging his guilty plea in a habeas petition in federal court.  Therefore,

25   he contends that he should not have had to comply with the counseling term of his probation

26   because it required him to admit his offenses.  Petitioner had already admitted his offenses

27   ten years earlier and therefore he wasn't being required to do anything he had not already

28   done.  Moreover, Petitioner offers no authority that would allow a probationer to avoid

1   complying with the terms of his probation by invoking the privilege against self-
2   incrimination for an offense to which he had already pled guilty.  Petitioner's Fifth
3   Amendment claim is without merit.

4         Regarding the trial court's decision that Petitioner violated the employment term,
5   Petitioner contends that the decision was based on an unreasonable determination of the
6   facts.  The Court of Appeals summarized the evidence presented at the violation hearing and
7   concluded that there was sufficient evidence to support the trial court's determination that
8   Petitioner failed to seek or obtain employment as directed by the probation officer.  Doc. #29,
9   Exh. N at 5-7.  The Court of Appeals explained that the trial court is in the best position to
10  review the evidence and weigh the credibility of the witnesses.  Doc. #29, Exh. N at 7.  This
11  court agrees with the Court of Appeals' analysis and therefore finds that the State court
12  decision was not based on an unreasonable determination of the facts in light of the evidence
13  presented in the State court proceeding.  For these reasons, the court will recommend that
14  Petitioner's claims in ground five be denied.

15        **3.     Ground Six**

16        Petitioner claims his right to due process and equal protection were violated because
17  the State court failed to make specific findings of fact to support the probation violation
18  decision.  Respondents contend that the State court's violation proceedings comported with
19  due process standards.

20        A probationer facing a revocation of his probation status is "entitled to written notice
21  of the claimed violations of his probation; disclosure of the evidence against him; an
22  opportunity to be heard in person and to present witnesses and documentary evidence; a
23  neutral hearing body; and a written statement by the factfinder as to the evidence relied on
24  and the reasons for revoking probation."  Black v. Romano, 471 U.S. 606, 612 (1985).
25  Among the reasons for a written statement by the factfinder is to provide a basis for review
26  to ensure the decision is supported by the evidence.  Id. at 614.

27        After holding a nearly two-hour probation violation hearing at which both sides
28  presented witness and documentary evidence, the court stated on the record that based on the

information presented, it found Petitioner had violated specified terms of his probation. Doc. #29, Exh. F at 83. Although the court did not issue specific findings of fact, the court made clear that the evidence presented at the hearing formed the basis for the decision. On direct review, the Arizona Court of Appeals specifically identified the evidence supporting the trial court's determination that Petitioner violated his probation. Doc. #29, Exh. N. The evidence set forth in the written transcript provided the Court of Appeals with sufficient information to review the decision and conclude that it was adequately supported.

For these reasons, the court finds that Petitioner's probation revocation proceeding complied with due process safeguards. The court will therefore recommend that ground six be denied.

### 4.    Ground Seven

Petitioner contends in ground seven that his guilty plea back in 1991 was premised on an improper psychosexual evaluation conducted on January 14, 1991. He argues that the evaluation provided the factual basis for the court's acceptance of the guilty plea "induced" from him. Petitioner asserts that the psychologist who conducted the evaluation relied on a controversial testing method that has been discredited. Petitioner further asserts that the psychologist was subsequently reprimanded for his use of the test. Petitioner claims that during the probation revocation proceedings the State failed to provide documents showing an investigation and reprimand of the psychologist, despite Petitioner's attempts to obtain them. Petitioner contends that because the judge who revoked his probation considered the psychosexual evaluation from 1991, he should have been permitted to challenge it during the revocation proceedings. He claims that the failure to permit such a challenge violated his right to due process and equal protection.

"[A]n appeal from a probation revocation is not the proper avenue for a collateral attack on the underlying conviction." United States v. Simmons, 812 F.2d 561, 563 (9th Cir. 1987). An attack on the underlying conviction must be done in a separate proceeding "and a court should consider the petition for probation revocation as if the underlying conviction was unquestioned." Id.

Here, part of Petitioner's claim in ground seven is an attack on the underlying conviction. Petitioner is essentially arguing that were it not for the results of the controversial psychosexual examination, he would not have pled guilty. The time has long passed for Petitioner to challenge his underlying guilty plea. Following his conviction in 1991, Petitioner filed a direct appeal, a petition for post-conviction relief and a federal habeas petition, none of which provided him relief from his guilty plea. A habeas petition challenging his probation revocation is not the appropriate avenue to seek review of the underlying plea.

Petitioner attempts to connect his claim to the probation revocation proceedings by arguing that he should have been able to obtain and present evidence of the problems with the psychologist's evaluation because the probation revocation judge relied on it to sentence him. The fact that the probation revocation judge considered a ten year old presentence report in preparing for Petitioner's disposition hearing does not mean he had a due process right to present evidence challenging that report. The probation revocation judge did not even mention the psychosexual evaluation when she explained her reasons for revoking probation. Petitioner was afforded all of the due process protections required during a probation revocation proceeding. See Black, 471 U.S. at 612. Petitioner has not established a due process or equal protection violation and the court will therefore recommend that ground seven be denied.

### 5.    Ground Eight

Petitioner contends in ground eight that his attorney during the probation revocation proceedings provided ineffective assistance of counsel. Petitioner claims that his attorney failed to object on the record to a supplemental disposition report that contained damaging statements by the victim.

The two-prong test for establishing ineffective assistance of counsel was established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on an ineffective assistance claim, a convicted defendant must show (1) that counsel's

representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 687-88. There is a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. Strickland, 466 U.S. at 689-90.

Petitioner raised this claim in his petition for post-conviction relief in the state court and the trial court denied it. The court stated that counsel's representation of Petitioner "did not fall below prevailing objective standards." Doc. #29, Exh. R at 2-3. The court further stated:

> There is ample evidence on the record that the Court revoked Mr. Boyce's probation because of his noncompliance with counseling and poor attitude toward treatment. The Court thereafter sentenced defendant to a presumptive term at the Department of Corrections. There is no evidence of a reasonable probability that, but for [counsel's] purported omission of pointing out inconsistencies in the supplemental disposition report, the outcome of the disposition proceeding would have been any different.

This trial court's determination is well supported by the transcripts of the violation hearing and the disposition hearing. The transcripts demonstrates that Petitioner's counsel was an effective advocate and there is no basis to believe that objecting to the victim's statements in the supplemental disposition report would have affected the outcome. Moreover, Petitioner concedes that his lawyer attempted to raise an objection in chambers before the disposition hearing. Thus, the judge was aware of his position. There is no reason to believe that a formal objection by counsel would have altered the judge's decision.

Petitioner has not demonstrated that the State court decision was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. The court will therefore recommend that ground eight be denied.

### 6.     Ground Nine

Petitioner contends in ground nine that when his lawyer raised objections to the supplemental disposition report in chambers before the disposition hearing, the probation

revocation judge refused to consider them.  He claims that the judge told Petitioner's counsel that she didn't want to hear what he had to say about the statements in the report.  Petitioner contends that the failure to consider these objections violated his right to due process and equal protection.

Even if Petitioner's contention about what occurred in chambers is true, he has not established a due process or equal protection violation.  The judge was in a position to assign the appropriate weight to the victim's statements.  The judge knew the statements were not made under oath nor were they subjected to cross-examination.  The judge's statements on the record regarding her reasons for revoking Petitioner's probation do not suggest that she relied at all on the victim's statements in the supplemental disposition report.  Thus, there is no evidence in the record, other than Petitioner's mere speculation, that the probation revocation judge relied on the victim's statements in the report but refused to afford Petitioner any opportunity to challenge or even object to those statements.  Accordingly, the court will recommend that ground nine be denied.

### 7.    Ground Ten

Petitioner alleges in ground ten that his attorney on direct appeal of the probation revocation provided ineffective assistance of counsel when he refused to present claims requested by Petitioner.  Petitioner contends that if his attorney had raised some of those issues, the Arizona Court of Appeals would have ruled differently.

Petitioner raised this issue in his petition for post-conviction relief.  In denying the claim, the trial court stated:

> Counsel is not obligated to raise every conceivable claim on appeal.  The claims omitted were, in fact, without legal merit and would not have positively affected the outcome of defendant's appeal.

Petitioner has not demonstrated to this court that the claims he wanted his lawyer to raise on direct appeal would have changed the result.  Therefore he has not shown that the State court decision was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) based on an unreasonable

1   determination of the facts in light of the evidence presented in the State court proceeding.

2   The court will therefore recommend that ground ten be denied.

3       **8.    Ground Eleven**

4       Petitioner contends in ground eleven that during the direct appeal of his probation

5   revocation he learned of a criminal history addendum that was provided to the probation

6   revocation judge for Petitioner's disposition hearing.  Petitioner contends that the criminal

7   history addendum was not disclosed to him before or during the revocation proceeding.

8   Petitioner contends that the judge's use of criminal history information that was not disclosed

9   to him violated his right to due process, equal protection and the Sixth Amendment right to

10  confrontation.

11      Petitioner offers no evidence whatsoever that the allegedly undisclosed criminal

12  history addendum had any impact at all on the probation revocation judge's sentence.  The

13  judge at no time during the violation hearing or the disposition hearing said a word about any

14  prior offenses or what impact they had on her decision.  Absent any evidence that the

15  allegedly undisclosed criminal history addendum affected his sentence, Petitioner's

16  allegations fail to support a constitutional violation.

17      Moreover, as Petitioner concedes in the explanation of his claim, there is evidence

18  suggesting Petitioner's counsel possessed or had access to the criminal history addendum at

19  Petitioner's disposition hearing.  Petitioner presents no affidavit from his lawyer to establish

20  otherwise.  A more likely scenario than the willful non-disclosure that Petitioner wants this

21  court to believe is that Petitioner's counsel reviewed the addendum and saw nothing of any

22  consequence, especially since Petitioner had spent the previous ten years in custody.

23  Petitioner's claim in ground eleven has no merit and the court will recommend that it be

24  denied.

25  **C.    Conclusion**

26      Having determined that federal habeas review is unavailable for six of Petitioner's

27  claims, and that the remaining seven claims fail on the merits, the court will recommend that

28  the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be denied.

1

2    **IT IS THEREFORE RECOMMENDED:**

3         That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1)

4    be **DENIED** and **DISMISSED WITH PREJUDICE**;

5         This recommendation is not an order that is immediately appealable to the Ninth

6    Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

7    Appellate Procedure, should not be filed until entry of the district court's judgment.  The

8    parties shall have ten days from the date of service of a copy of this recommendation within

9    which to file specific written objections with the Court.  See, 28 U.S.C. § 636(b)(1); Fed. R.

10   Civ. P. 6(a), 6(b) and 72.  Thereafter, the parties have ten days within which to file a

11   response to the objections.  Failure to timely file objections to the Magistrate Judge's Report

12   and Recommendation may result in the acceptance of the Report and Recommendation by

13   the district court without further review.  See United States v. Reyna-Tapia, 328 F.3d 1114,

14   1121 (9th Cir. 2003).  Failure to timely file objections to any factual determinations of the

15   Magistrate Judge will be considered a waiver of a party's right to appellate review of the

16   findings of fact in an order of judgement entered pursuant to the Magistrate Judge's

17   recommendation.  See Fed. R. Civ. P. 72.

18        DATED this 23rd day of February, 2007.

19

20

21

22                                        Edward C. Voss
                                          United States Magistrate Judge

23

24

25

26

27

28